### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| JEFFERY FEHNEL and | : | |
| AFRDITA KRASNIQI as h/w, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No.: 5:25-cv-04783-JMG |
| | : | |
| COUNTY OF NORTHAMPTON, | : | |
| BOROUGH OF BANGOR, | : | |
| BANGOR POLICE DEPARTMENT, | : | |
| WASHINGTON TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| OFFICER DANIEL DIETER, | : | |
| OFFICER ROBERT DELEON, | : | |
| POLICE CHIEF KEVIN JONES, and | : | |
| POLICE OFFICERS JOHN DOES #1-10, | : | |
| Defendants. | : | |

_____

### MEMORANDUM OPINION

**Gallagher, J.**                                                                    **January 30th, 2026**

Plaintiffs Jeffery Fehnel and Afrdita Krasniqi (collectively "Plaintiffs") allege that Defendants Chief Kevin Jones, Officer Robert DeLeon, Officer Daniel Dieter, the Bangor Police Department, and the Washington Township Police Department (collectively, the "Defendants") used excessive force against Plaintiff Fehnel during his apprehension and forcibly assaulted Plaintiff Krasniqi while she attempted to record the incident. Plaintiffs have brought claims against Defendants under 42 U.S.C. § 1983, alleging excessive force, failure to train, state created danger, and *Monell* liability, as well as state law tort claims for assault and battery, negligent infliction of emotional distress, and loss of consortium. Defendants Washington Township Police Department ("WTPD") and Officer Dieter (together "Moving Defendants") move to dismiss the Complaint. Moving Defendants' Motion is granted in its entirety.

## I. BACKGROUND[1]

On July 29, 2023, Plaintiffs Fehnel and Krasniqi[2] were walking in Bangor, Pennsylvania, with their infant child. ECF No. 1-1 ¶¶ 14–15. Following an altercation between Plaintiff Fehnel and another individual, which Plaintiff Fehnel allegedly did not instigate or escalate, officers from the Bangor and Washington Township Police Departments arrived. *Id.* ¶ 14. These officers, including Officers Robert DeLeon and Daniel Dieter (the "Officers") and Chief Kevin Jones, directed Plaintiffs to leave the area. *Id.* As Plaintiffs were walking away, Chief Jones instructed the Officers to follow the Plaintiffs, which they did for approximately one block. *Id.* ¶ 15. Plaintiffs allege that the Officers then abruptly apprehended Plaintiff Fehnel, who informed them of a serious pre-existing back condition. *Id.* ¶ 16. Plaintiffs allege that Officer DeLeon, at Chief Jones's instruction, deployed a taser against Plaintiff Fehnel's back and slammed him to the ground. *Id.* ¶ 17. Plaintiff Fehnel reportedly informed the Officers of severe back pain while being moved to the police vehicle, but he alleges these complaints were ignored. *Id.* ¶ 18. Plaintiff Fehnel alleges that the force used during the arrest caused acute neurological symptoms and aggravated preexisting spinal injuries. *Id.* ¶ 19. During the encounter, Plaintiff Krasniqi attempted to film the incident. *Id.* ¶ 20. Plaintiffs allege that Officer Dieter, under Chief Jones's direction, forcibly assaulted Plaintiff Krasniqi to prevent her from recording. *Id.* Plaintiffs maintain that this conduct resulted in physical injuries, emotional distress, and violations of their civil rights. *Id.* ¶ 24.

Plaintiffs filed suit in the Northampton County Court of Common Pleas on July 21, 2025. *See generally id.* On August 20, 2025, Defendants Chief Kevin Jones and Officer James DeLeone filed a Notice of Removal. ECF No. 1. Subsequently, on September 5, 2025, Defendants Borough of Bangor, Chief Jones, and Officer DeLeone filed an Amended Notice of Removal. ECF No. 6. Defendants WTPD and Officer Dieter were served on October 24 and October 25, 2025, respectively, and filed a Notice of Consent to Join in Removal on November 19, 2025. ECF Nos. 15, 17, 28. On December 1, 2025, WTPD

---

[1] The Court accepts Plaintiffs' factual allegations as true, as we must at this early stage.
[2] Plaintiff Krasniqi was approximately nine months pregnant at the time of the incident.

and Officer Dieter filed the pending Motion to Dismiss, and Plaintiffs filed their Response in Opposition on December 19, 2025. ECF Nos. 32-33.[3]

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## III.  DISCUSSION
### a.  Plaintiff Krasniqi's Excessive Force Claim (Count II) is Dismissed

Claims that an officer used excessive force in executing an arrest fall within the Fourth Amendment right to be free from unreasonable searches and seizures. *See Jefferson v. Lias*, 21 F.4th 74, 78 (3d Cir. 2021). "'To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure occurred and that it was unreasonable under the circumstances.'" *Id.* (quoting *El v. City of Pittsburgh*, 975 F.3d 327, 336 (3d Cir. 2020)). The Court cannot make the determination whether a

---

[3] Plaintiffs Opposition to Moving Defendants Motion to Dismiss was due on December 15, 2025, yet was filed four days late on December 19, 2025. The Court will address the merits of the opposition notwithstanding this untimeliness.

Case 5:25-cv-04783-JMG    Document 36    Filed 01/30/26    Page 4 of 9

seizure occurred or if the force used was reasonable under the circumstances based on the conclusory allegations set forth in the Complaint.

In their Opposition, Plaintiffs assert that "Defendant Dieter . . . physically attempted to restrict [Plaintiff Krasniqi's] ability to record the arrest of Plaintiff Jeffrey Fehnel by grabbing her cellphone and forcibly shoving Ms. Krasniqi." ECF No. 32-2 at p. 3. However, this allegation does not appear in the Complaint. Instead, the Complaint alleges only that Plaintiff Krasniqi was "assaulted," and even that she was "assault[ed] multiple times." ECF No. 1-1 ¶¶ 20–21. Plaintiffs fail to allege any facts describing what conduct constituted the alleged assault. Although the Complaint later states that Plaintiff Krasniqi was "shov[ed]," it provides no additional context or factual detail from which the Court could assess the reasonableness of the force used. *Id.* ¶ 72.

These conclusory allegations are insufficient to state a plausible excessive-force claim. Accordingly, Count II is dismissed without prejudice against both Moving Defendants.

However, in the Third Circuit it is a well-accepted principle that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Mullin v. Balicki,* 875 F.3d 140, 151 (3d Cir. 2017). Therefore, Plaintiffs will be granted leave to amend the Complaint as to Count II.

**b.  Plaintiff Krasniqi's Failure to Train Claim (Count IV) is Dismissed**

Plaintiffs attempt to assert a municipal liability claim based on a failure-to-train theory, alleging that Officer Daniel Dieter had a known history of excessive force and police brutality against other members of the community, and that WTPD knew or should have known of this history but failed to prevent him from engaging in unconstitutional conduct. *See* ECF No. 1-1 ¶¶ 22–23.

"[A] plaintiff advancing a claim predicated on a municipality's failure or inadequacy in training, supervision, or otherwise is spared from demonstrating the existence of an unconstitutional policy or custom" but must make a showing that the municipal policymakers acted with deliberate indifference.

4

*Forrest v. Parry*, 930 F.3d 93, 117 (3d Cir. 2019) (citations omitted). "A supervising authority may be liable under § 1983 for failing to train [municipal employees] when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the [employees] may come into contact." *Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461, at *1 (3d Cir. Nov. 8, 2023) (citations omitted); see also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish liability on a failure-to-train claim under § 1983, a plaintiff must identify a specific deficiency in training that is causally linked to the alleged injury and must show that the lack of such training amounts to **deliberate indifference** to the risk of constitutional violations. *See id.*

Plaintiffs' failure-to-train claim is insufficient because they have not alleged facts showing that Defendant WTPD acted with deliberate indifference. "Usually, 'a pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference for purposes of failure to train.' . . . This is because '[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Hargrove v. City of Phila.*, 671 F. Supp. 3d 595, 606 (E.D. Pa. 2023) (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222, 223 (3d Cir. 2014)).

Plaintiffs have not put forth specific allegations of a pattern of similar constitutional violations that would have put Defendant WTPD on notice of the consequences of its actions. Although Plaintiffs assert that "Officer Daniel Dieter had a known history [of] excessive force and police brutality against other members of the community," they fail to show that Defendant WTPD was aware of this "practice" and failed to do anything to prevent that outcome. ECF No. 1-1 ¶ 22. Further, Plaintiffs have not explained what specific training, supervision, or discipline would have prevented her injury. Therefore, Plaintiffs' Complaint is deficient of facts which show deliberate indifference, an essential element of a claim of municipal liability based on failure to train.

Accordingly, Count IV is dismissed without prejudice against Defendant WTPD. Pursuant to well established law in the Third Circuit, Plaintiffs will be granted leave to amend the Complaint as to Count IV against Defendant WTPD.

### c. Plaintiff Krasniqi's State Created Danger Claim (Count VI) is Dismissed

According to the Third Circuit, the "state-created danger" exception allows for liability when state actions directly harm an individual or leave them more exposed to harm from others than they would have been without the state's involvement. *See Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006); *see also Schieber v. City of Phila.*, 320 F.3d 409, 416 (3d Cir. 2003). To state a claim for state-created danger under § 1983 and the Fourteenth Amendment, a plaintiff must plausibly allege four elements: "(1) [t]he harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Bright*, 443 F.3d at 281 (citations omitted).

Here, in Plaintiffs Opposition, Plaintiffs attempt to satisfy each element of a state-created danger claim, but in doing so rely on factual allegations that do not appear in the Complaint. Specifically, Plaintiffs assert in their Opposition that Officer Dieter "attempt[ed] to forcibly seize [Ms. Krasniqi's] phone" and "shoved [Ms. Krasniqi] multiple times." ECF No. 32-2 at p. 10. These allegations are absent from the Complaint. Instead, the Complaint contains only conclusory assertions that Officer Dieter "assaulted Plaintiff Afrdita Krasniqi in an effort to prevent her from recording the incident," that she was "physically shoved," and that she was assaulted "multiple times." ECF No. 1-1 ¶¶ 21, 72, 100. The Complaint does not specifically allege that Officer Dieter shoved Ms. Krasniqi multiple times, nor does it allege that he attempted to seize her phone. Such generalized and conclusory allegations of "assault,"

without supporting factual detail, are insufficient to permit the Court to determine whether Officer Dieter affirmatively created a danger or rendered Ms. Krasniqi more vulnerable to harm for purposes of a state-created danger claim.

Accordingly, Count VI is dismissed without prejudice. Consistent with well-established Third Circuit precedent, Plaintiffs are granted leave to amend the Complaint as to Count VI.

### d. Plaintiff Krasniqi's Violation of 42 U.S.C. §1983 (*Monell*) Unconstitutional Policy, Practice or Custom Claim (Count VIII) is Dismissed

Plaintiff Krasniqi brings a claim against Defendant WTPD under 42 U.S.C. § 1983 for an unconstitutional policy, practice or custom. Defendant WTPD has moved to dismiss Count VIII against them on the ground Plaintiff Krasniqi has failed to establish a policy, practice, or custom exists to support *Monell* liability. A § 1983 claim against a municipality may proceed where "[a] plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries . . ." *Forrest,* 930 F.3d at 105 (citations omitted). Under this theory of liability, a plaintiff must establish the existence of a custom or policy and demonstrate the "'affirmative link between the policy or custom and the particular constitutional violation [they] allege[].'" *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict," and "[c]ustom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is ***so well-settled and permanent as virtually to constitute law***." *Id.* (citations omitted) (emphasis added).

Plaintiffs fail to allege any policy or custom that Defendant WTPD has violated but instead attempts to argue that the lack of a custom or policy resulted in Plaintiff Krasniqi being subjected to "excessive force and a deprivation of her clearly established constitutional rights under the Fourth and Fourteenth Amendments." ECF No. 1-1 ¶ 83-84. The lack of identification of a policy, custom, or practice is insufficient to state a claim for municipal liability as Plaintiffs have not "'specif[ied] what exactly that custom or policy was'" that allegedly caused the violation of her constitutional rights. *Carr v.*

*City of Phila.*, 560 F. Supp. 3d 845, 849 (E.D. Pa. 2021) (quoting *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] ***must identify*** a custom or policy, and specify what exactly that custom or policy was.")) (emphasis added).

"Where a complaint contains only conclusory allegations, it 'fail[s] to satisfy the 'rigorous standards of culpability and causation' required for municipal liability.'" *Leathers*, 2025 WL 327313, at *5 (quoting *Young v. City of Chester* 764 F. App'x 262, 265 (3d Cir. 2019)); *see Oliver v. City of Phila.*, 2025 WL 1902298, at *10 (E.D. Pa. July 9, 2025) (quoting *McTernan v. City of York, PA*, 564 F.3d 636, 659 (3d Cir. 2009)) ("Allegations that 'simply paraphrase[]' the standard for municipal liability are too vague and generalized to support a *Monell* claim.").

Therefore, Count VIII is dismissed without prejudice against Defendant WTPD. Again, pursuant to well established law in the Third Circuit, Plaintiffs will be granted leave to amend their Complaint as to Count VIII against Defendant WTPD.

> **e.  This Court Declines to Exercise Jurisdiction Over the Remaining State Law Claims (Counts X, XI, and XIII)**

This Court initially had jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over state law claims "within such original jurisdiction that they form part of the same case or controversy." After dismissing Counts II, IV, VI, and VIII, the only claims that remain are the state law claims against Defendants Dieter and WTPD which allege "Negligent Assault and Battery" (Count X), Negligent Infliction of Emotional Distress (Count XI), and Loss of Consortium (Count XIII). At this point, as the federal claims have been dismissed, this Court exercises its discretion and declines to exercise supplemental jurisdiction over the state law claims, as there is no affirmative justification to do otherwise. *See* 28 U.S.C. § 1367(c) ("district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Stone v. Martin*, 720 F. App'x 132, 135 (3d Cir. 2017) (directing that district courts "must decline to exercise supplemental jurisdiction in such circumstances unless considerations of judicial economy, convenience, and fairness to the parties

provide an affirmative justification for doing so.") (citation omitted). Thus, the remaining state law claims are dismissed without prejudice. [4]

**IV. CONCLUSION**

      For the foregoing reasons, Moving Defendants' Motion to Dismiss (ECF No. 29) is granted in its entirety. An appropriate order follows.

                                                BY THE COURT:

                                                */s/ John M. Gallagher*
                                                JOHN M. GALLAGHER
                                                United States District Court Judge

---

[4] Further, since none of Plaintiffs' claims survive this motion to dismiss, the Court will not address Defendants' claims of qualified immunity.